**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

———————————

**NO. 09-13-00086-CR**

———————————

**CHRISTOPHER M. BRIDGES**
**A/K/A CHRISTOPHER MICHAEL BRIDGES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-10823**

_____

**MEMORANDUM OPINION**

In this appeal, counsel for the appellant, Christopher M. Bridges,[1] filed a brief stating that there are no arguable points of error that would allow the court to give Bridges relief from his conviction. After reviewing the record, we agree that no arguable issues support Bridges's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

---

[1]Appellant is also known by his full name, Christopher Michael Bridges.

1

Bridges pled no contest to burglary of a building, a state jail felony that was enhanced to a second degree felony based on Bridges's convictions for two previous felonies. *See* Tex. Penal Code Ann. § 30.02 (West 2011); *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, sec. 12.42(a)(2), 1995 Tex. Gen. Laws 2734, 2734-735 (amended and replaced 2011) (current version at Tex. Penal Code Ann. § 12.425(b) (West Supp. 2013)).[2] Although Bridges and the State had a plea agreement under which Bridges agreed to plead guilty for a determinate sentence, the trial court chose to defer adjudicating Bridges's guilt and placed him on community supervision for ten years.

Subsequently, the State filed a motion that asked the trial court to revoke its decision to place Bridges on community supervision. At the revocation hearing, Bridges pled "true" to violating three of the terms of the trial court's community supervision order. At the conclusion of the hearing, the trial court found that Bridges had violated three of the terms in its community supervision order; then,

---

[2]*See* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 5, sec. 12.425(b), 2011 Tex. Sess. Law Serv. 2104, 2105 (West) (adding section 12.425, which provides that a defendant shall be punished for a second-degree felony if it is shown on the trial of a state jail felony that the defendant has two prior felony convictions); *see also id.*, § 5, sec. 12.42, 2011 Tex. Sess. Law Serv. at 2104-105 (amending section 12.42 by deleting the language that was substantially similar to the language added in section 12.425).

after adjudicating his guilt, the trial court sentenced Bridges to serve nineteen years in prison.

On appeal, Bridges's counsel filed a brief that presents counsel's professional evaluation of the record. The brief states that Bridges's appeal is frivolous. *See Anders*, 386 U.S. at 744, *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Bridges to file a *pro se* brief, and Bridges filed a response.

After reviewing the appellate record, the *Anders* brief filed by Bridges's counsel, and Bridges's *pro se* response, we agree with counsel's conclusion that no arguable issues support Bridges's appeal. Therefore, we need not order the appointment of new counsel to re-brief Bridges's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[3]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 4, 2014
Opinion Delivered July 9, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3]Bridges may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3